IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD EUGENE HAMRIC JR., | ) | CASE NO. 1:22-CV-01034-CEH |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

I. Introduction

Plaintiff, Ronald Eugene Hamric, Jr. ("Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for Child Disability Benefits ("CDB"), Supplemental Security Income ("SSI"), Period of Disability Benefits ("POD"), and Disability Insurance Benefits ("DIB"). This matter is before the Court by consent of the parties under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 10). For the reasons set forth below, the Court REVERSES the Commissioner of Social Security's nondisability finding and REMANDS this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

II. Procedural History

Claimant filed applications for CDB, SSI, POD, and DIB in January 2018,[1] alleging a disability onset date of April 23, 2013. (ECF No. 8, PageID #: 233). The applications were denied

---

[1] The Court notes that Claimant stated he filed his application on January 29, 2018 in his brief. (ECF No. 11, PageID #: 740). This conflicts with the first ALJ's decision which stated Claimant filed his applications on January 8, 2018. (ECF No. 8, PageID #: 233). However,

1

initially and upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On May 22, 2019, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (*Id.*). The ALJ issued a written decision on June 7, 2019 finding Claimant not disabled. (*Id.* at PageID #: 230). However, the Appeals Council remanded the ALJ's decision on July 23, 2020. (*Id.* at PageID #: 247).[2]

The second ALJ held a telephonic hearing on December 8, 2020. (*Id.* at PageID #: 72). Claimant, as well as a vocational expert, testified at the hearing, and Claimant was represented by counsel. (*Id.*). The ALJ found Claimant not disabled on April 6, 2021. (*Id.* at PageID #: 69).

Accordingly, Claimant filed a complaint to challenge the Commissioner's final decision on June 15, 2022 in the U.S. District Court for the Northern District of Ohio. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 11, 12, 13). Claimant asserts the following assignment of error:

> (1) Whether the ALJ's decision is supported by substantial evidence in the absence of any explanation for the exclusion of psychological consultant Mr. Lechowick's case-determinative limitations from the RFC finding.

(ECF No. 11, PageID #: 748).

### III. Background

#### A. Relevant Hearing Testimony

At the administrative hearing, the ALJ asked the vocational expert ("VE") whether Claimant could perform his past relevant work or other jobs with the following restrictions:

> [A]ll exertional levels [with] . . . the following further restrictions, the hypothetical individual would be able to perform simple, routine, tasks, in a low stress environment, with no fast

---

Claimant's application, which is included in the record, indicates he filed his application on January 29, 2018. (ECF No. 8, PageID #: 372).
    [2] As the remand is irrelevant to the current appeal, further detail is unnecessary.

2

> paced, strict quotas or frequent duty changes, involving superficial interaction with coworkers and supervisors, by meaning, no arbitration, negotiation, or confrontation. The hypothetical individual would be limited so far as there'd be no interaction with the general public as a job requirement, no work requiring extensive verbal communication. No exposure to hazards including heights, machinery or commercial driving. The hypothetical individual would be limited in so far as they would be limited to hearing and understanding simple oral instructions and limited to communicating simple information.

(ECF No. 8, PageID #: 124). The VE testified that such an individual would be able to complete Claimant's past relevant worker as a bagger, as well as other jobs including cafeteria attendant, cleaner, or paper pattern folder. (*Id.* at PageID #: 124–25).

The ALJ then asked the VE whether a hypothetical individual could work these jobs if they required the same restrictions from the first hypothetical, as well as frequent supervision. (*Id.*). The VE testified that "daily reminders or frequent supervision, or redirection" would preclude past relevant work and the alternative jobs. (*Id.* at PageID #: 126).

### B. Relevant Medical Evidence

The ALJ also summarized Claimant's health records and symptoms:

> Claimant was diagnosed with social anxiety disorder, depressive disorder, avoidance personality disorder, learning disorder, and social communication disorder (B2F/5). While in school, the claimant received special education services and had an IEP for learning disabilities in the areas of oral expression and listening comprehension (B2F/3-5; B7F; B8F). Education records noted he had a history of severe expressive language difficulties and a history of being slower to follow instructions, and with deficits in tasks involving language and memory, and strengths in processing visual information and working with visual information (B7F/11-12; B8F/7). The most recent IEP dated May 2014, indicated the claimant demonstrated a weakness in his verbal comprehension skills, perceptual reasoning skills and working memory skills; but he also demonstrated strength in his processing speed of visual information (B8F/7). The IEP also noted he demonstrated a weakness in his listening comprehension and reading comprehension, but demonstrated average to low average ability is his basic reading,

3

reading fluency, basic math reasoning, spelling, writing fluency, and written expression (B8F/7). He graduated high school in 2014 and continues to live with his mother (B2F; B8F/11; hearing testimony). The claimant's mother described him as a naïve, but helpful person; and treatment records note that he is generally introverted and quiet, but maintains friendships and has no issues getting along with others (B2F/3). The records also note that the claimant had maintained employment in a maintenance capacity at a retail store following an evaluation and working with the Ohio Bureau of Vocational Rehabilitation (BVR) (B2F/3-5; B3F; hearing testimony).

In CBRS assessment report completed by the claimant's mother, she included a very high score with regard to social problems, and lower scores on content scales of emotional distress, language difficulties, and physical symptoms; and her report also indicated the possibility of depression, with lesser probabilities of OCD, autism spectrum disorder, and generalized anxiety disorder (B2F/4). On WAIS-III testing, the claimant recorded a FSIQ score of 93, and notes indicated his performance score was 109 – much higher than his verbal IQ score of 82 – and the discrepancy between his verbal and performance abilities was also noted in his verbal comprehension index score versus his perceptual organization index score (B2F/4). The report notes also indicated that all of the claimant's performance sub-tests were average or above average, in contrast (with the exception of one sub-test measuring short term memory) – his verbal scores were all below average, with the lowest score on a verbal sub-test measuring common sense and judgment (B2F/4). Additionally, testing also highlighted the presence of a math weakness, but his other scores were all within the average range and consistent with his verbal IQ score (B2F/4).

In terms of adaptation, the claimant's mother completed the VABS-II scales, and noted low scores in receptive and expressive sub-domains, and also noted elevated maladaptive behaviors, specifically restlessness, poor attention, sadness, avoidance of social interaction, and excessive dependence (B2F/4-5). Notes from Mr. Lechowick's report indicated the clinical and collateral data were consistent with the diagnostic impressions of social anxiety disorder; unspecified depressive disorder; avoidant personality disorder; specific learning disorder, with impairment in mathematics; and social (pragmatic) communication disorder (B2F/5). He also noted that the claimant had good performance skills; is a visual learner; and his skills in reading, spelling, and comprehension are grossly adequate, but the claimant also has a severe learning disability in math (B3F/10). Overall, Mr. Lechowick stated that the claimant's most recent scores were "somewhat higher

4

> than former testing results, but the basic patterns" remained since his early school years (B3F/11).
>
> Treatment records during the relevant period generally show the claimant followed with providers for regular check-ups and for medication management of diabetes and notes indicating a learning disorder (B1F; B4F; B5F; B6F; B9F; B10F). Treatment records noted the claimant's learning disorder, and also generally noted on physical examination and review of symptoms, no confusion, no memory lapses or loss, no depression, and no sleep disturbances; as well as normal psychiatric mood and affect (B1F/7; B10F/3, 5, 7, 9). At a preventative care visit in September 2019, the treatment records noted the claimant does not drive and his mother helps with finances and his medications, but also noted that the claimant could do activities of daily living, and he was comfortable filling out medical forms (B10F/16-17). Exam findings also noted mild intellectual deficit, and that he reported having some mild depressive symptoms once in a while, but also noted he did not want to see any psychiatric or psychologist (B10F/19). Physical exam findings from a December 2019 follow up indicated there were no major neurological or psychiatric problems while also noting the claimant's diagnosis of mild learning disability (B10F/11-13). At times, the treatment records noted the claimant had a flat affect, but other times records indicated he had no confusion, no memory loss, no depression, no anxiety, no personality changes, and no emotional problems noted and had a normal mood and affect (B4F/5, 12; B5F/18; B6F/4-5).

(*Id.* at PageID #: 80–82).

### C. Opinion Evidence at Issue

The ALJ's treatment of Mr. Thomas Lechowick's, M.A., opinion from February 27, 2018 is at issue on appeal. (ECF No. 11, PageID #: 749). The ALJ summarized Mr. Lechowick's findings and recommended limitations in their opinion:

> He further opined, on a form completed February 27, 2018, that claimant would require one direction at a time; would need to be shown not told what to do; and would need prompts (B3F/3). He went on to opine that multi-step instructions are difficult and the claimant has difficulty attending to verbal instructions (B3F/3). He opined that once the claimant understands his task he is very persistent, and tasks are then accomplished in a timely manner (B3F/3). Mr. Lechowick also opined that the claimant's social

5

interaction was very limited noting he has two friends who he visits on weekends but is very socially isolated; and opined that once the claimant understands the job, there is no problem (B3F/3). He also noted the claimant does not react well to pressure and shuts down, does not respond, or avoids the issue (B3F/3). The undersigned finds these opinions persuasive as they are supported by his examination of the claimant. The opinions are supported by the records noting the claimant has difficulty understanding written and spoken instructions, but that he does better with demonstrative instructions and has good performance skills. The claimant also was noted as having mild short-term memory problems (B1F/6: B2F/4).

(ECF No. 8, PageID #: 83–84).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

> 1. Born on April 23, 1995, the claimant had not attained age 22 as of April 23, 2013, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2. The claimant meets the insured status requirements of the Social Security Act through September 30, 2023.
>
> 3. The claimant has not engaged in substantial gainful activity since April 23, 2013, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 4. The claimant has the following severe impairments: learning disorder, borderline intellectual functioning, depressive disorder, social anxiety/communicative disorder, and avoidant personality disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas or frequent duty changes); involving superficial interactions with

>
> coworkers and supervisors (no arbitration, negotiation, or confrontation); no interaction with the general public as a job requirement; no work requiring extensive verbal communication; and no exposure to hazards including heights, machinery and commercial driving. The claimant is limited to hearing and understanding simple oral instructions and communicating simple information.
>
> 7. At all times relevant to this decision, the claimant has been capable of performing past relevant work as a Bagger. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from April 23, 2013, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(f) and 416.920(f)).

(*Id.* at PageID #: 76, 77, 79, 85, 87).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986)

(en banc)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to SSI or DIB: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. § 404.1512(a). Specifically, the claimant has the burden of proof in Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

### C. Discussion

Claimant raises one issue on appeal. He argues the ALJ erred in excluding Mr. Lechowick's recommended limitations despite finding his opinion persuasive. (ECF No. 11, PageID #: 751). Mr. Lechowick recommended three specific limitations the Claimant argues should have been incorporated in the RFC: (1) "one direction at a time," (2) "needs to be shown what to do, not told," and (3) "needs prompts." (ECF No. 8, PageID #: 512). By failing to adopt these restrictions,

Claimant contends the ALJ harmed him since the VE testified that daily reminders, frequent supervision, or redirection would preclude work in the recommended positions. (ECF No. 11, PageID #: 751). Claimant also argues the ALJ provided no explanation of why they did not incorporate these limitations in the RFC. (*Id.*). The Commissioner counters that substantial evidence supports the RFC and that the ALJ adopted limitations that were "consistent" with Mr. Lechowick's observations. (ECF No. 12, PageID #: 766).

The ALJ determined Claimant's RFC at Step Four. The RFC sets out an individual's work-related abilities despite his or her limitations. *See* § 416.945(a).

When supported by substantial evidence and reasonably drawn from the record, the Commissioner's factual findings are conclusive—even if this court might reach a different conclusion or if the evidence could have supported a different conclusion. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Rogers*, 486 F.3d at 241 ("[I]t is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record."); *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) ("It is not our role to try the case *de novo.*" (quotation omitted)). This is so because the Commissioner enjoys a "zone of choice" within which to decide cases without being second-guessed by a court. *Mullen*, 800 F.2d at 545.

Here, the ALJ reviewed Mr. Lechowick's opinion and found it persuasive. (ECF No. 8, PageID #: 83). However, the ALJ did not adopt three explicit limitations the expert provided, despite acknowledging the limitations in their decision: (1) "one direction at a time," (2) "needs to be shown what to do, not told," and (3) "needs prompts." (*See id.* at PageID #: 79, 512). Instead, the ALJ adopted the following RFC:

> a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas or frequent duty changes); involving superficial interactions with coworkers and

9

>supervisors (no arbitration, negotiation, or confrontation); no interaction with the general public as a job requirement; no work requiring extensive verbal communication; and no exposure to hazards including heights, machinery and commercial driving. The claimant is limited to hearing and understanding simple oral instructions and communicating simple information.

(*Id.*).

ALJs are not required to adopt a persuasive expert's recommendations verbatim. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (noting that an ALJ is not required to adopt each restriction of an expert to which it gave great weight). However, they must still build a logical bridge between the record and their findings, explaining why they did or did not accept a limitation. *Kreilach v. Comm'r of Soc. Sec.*, 621 F. Supp. 3d 836, 844 (N.D. Ohio 2022) (citing *Ripley v. Commissioner of Soc. Sec.*, 415 F. Supp. 3d 752, 767 (N.D. Ohio 2019)).

While the ALJ may have adopted Mr. Lechowick's "one direction at a time" limitation with their "hearing and understanding simple oral instructions and communicating simple information" restriction, the RFC does not address his other limitations. (*See* ECF No. 8, PageID #: 79). The RFC does not appear to account for Claimant's need for demonstrative instructions or prompts. Rather, it provides that "[t]he claimant is limited to hearing and understanding simple *oral* instructions and communicating simple information." (*Id.* (emphasis added)). This conflicts with Mr. Lechowick's opinion that Claimant "needs to be shown what to do, not told." (*See id.* at PageID #: 512). While the ALJ is not required to adopt each of Mr. Lechowick's limitations simply because he found his opinion to be persuasive, the ALJ failed to explain why they excluded the restrictions in their RFC when the record supported the additional restrictions. For example, the ALJ noted that Mr. Lechowick's "opinions are supported by the records noting the claimant has difficulty understanding written and spoken instructions, but that he does better with demonstrative instructions and has good performance skills." (*Id.* at PageID #: 84). Similarly, the RFC does not

10

appear to account for Mr. Lechowick's "needs prompts" limitation despite the ALJ finding the opinion persuasive and acknowledging that "the claimant also was noted as having mild short-term memory problems." (*Id.*).

Thus, the Court is unclear why the ALJ did not adopt the "needs to be shown what to do, not told" and "needs prompts" restrictions despite finding Mr. Lechowick's opinions persuasive. Moreover, assuming the ALJ intended to adopt these limitations, their failure to adopt such limitations could prejudice Claimant as these limitations were not included in the RFC presented to the VE. Thus, assuming the ALJ meant to adopt these limitations, it is unclear whether Claimant could perform the jobs the VE testified about with the additional limitations.

The parties referenced *Kreilach* in their briefings, and the Court finds it distinguishable from this case. (ECF No. 12, PageID #: 762; ECF No. 13, PageID #: 770–71). In *Kreilach*, the ALJ excluded an expert's recommendation that the claimant "may require occasional flexibility for shifts and breaks due to symptoms fluctuation" despite finding the opinion persuasive. 621 F. Supp. 3d at 842, 845. The court ultimately affirmed the ALJ's decision because the restriction "may require occasional flexibility for shifts and breaks" had varying meanings and was equivocal. *Id.* at 842, 846. That is not the case here, where Mr. Lechowick's restrictions are unequivocal and neither party disputes the restrictions' meanings. Additionally, the *Kreilach* court affirmed the ALJ's decision because the disputed restriction was not supported by substantial evidence. *Id.* Here, the restrictions are supported by the record, as discussed above. *See id.*; (ECF No. 8, PageID #: 84).

Accordingly, the ALJ's decision does not allow for an adequate review by this Court, and this matter should be remanded. *See Wylds v. Comm'r of Soc. Sec.*, No. 3:21-CV-00365-JGC, 2022 WL 1541928, at *10 (N.D. Ohio Mar. 2, 2022) ("Because the ALJ's opinion does not permit the

11

Court to follow the 'reasoning and treatment of' opinion evidence in the record, the Commissioner's decision must be vacated and remanded for further proceedings."), *report and recommendation adopted*, No. 3:21-CV-365-JGC, 2022 WL 1539266 (N.D. Ohio May 16, 2022).

## VI.   Conclusion

Based on the foregoing, the Court REVERSES the Commissioner of Social Security's nondisability finding and REMANDS this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**IT IS SO ORDERED.**

Dated: July 27, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE